BENTLEY, ET AL. V. FRALEY.

*1. JURISDICTION:* APPEARANCE: WAIVER. After a cause has been heard in the Supreme Court, and remanded for a new trial, the general appearance entered by appellee or defendant in error, in the court below, and submitting to its jurisdiction, by having a trial on the merits, without any objection, is a waiver of any error which might have been committed in the transmission of the decision of the Supreme, to the District Court.

## Writ of Error to the District Court of Yankton County.

THIS cause was removed to this court by writ of error, on the grounds of alleged error of the court below in confirming a sheriff's sale. The judgment of confirmation was reversed, and the cause remanded. On a second hearing in the court below the motion to confirm was denied and the sale set aside, after which defendant in error filed his motion for a re-argument of the case in this court. Other facts necessary to a full understanding of the points decided, sufficiently appear from the opinion.

*J. D. Boyer* and *Moody & Hand,* for plaintiffs in error.

When *lands* are sold upon execution, the proceedings of the officer must be all *regular,* as the law requires, to give title, and must also appear of *record.* (1 Greenleaf's Ev., §§ 124 and 130; Hilliard Sales, 80, § 65; 12 Johnson, 456; 16 Shepley, 211 and 212; 1 Comstock, 163; 18 Pick., 475; 2 Wall. U. S., 317.) In the case at bar, the irregularity consisted:

1. The appraisers were not all *freeholders.*

2. They were not sworn as the statute directs, in this: The statute requiring they shall be sworn to appraise the land upon *actual view.* The oath only requiring them to *impartially* appraise it. (Laws 1862, § 444; Nash, 627.)

3. No endorsement of "no goods" was made upon the execution prior to the levy upon the lands. (Id. 1862, § 437.)

4. The execution was for $543.23 while the judgment was

for but $500, thus rendering it clearly irregular. (2 U. S. Dig., 356, § 938.)

5. The levy was upon the *land*—the advertisement was to sell the *interest* of Bentley & Andrews in the land. Our statute only makes the *land* subject to sale and not the *interest* of the party in the land.

6. Nowhere does it appear by the *statement* or *affidavit* of the officer that the requisite notices were posted in five places. Attempt was made to prove loss of execution and return, but the only proof was affidavit of clerk and not that he had *diligently searched.* Nor was there any proof but what plaintiff in the execution or his attorneys might have known where it was. Until the proper proof was made no proof of its contents was admissible. But there was no attempt by plaintiff in court below to even prove *contents* of execution and return. The only proofs upon which the order of confirmation was made, were the *affidavits* of certain persons including the sheriff of *what had been done* in the premises. Nothing that was of any binding force or effect, and if *false* the defendants in the execution were without remedy. They could not sue the sheriff for false return. Such proof is something the law does not recognize, and upon it no title to *land* can be based. (4 U. S. Dig., 760, § 567.) The only proper, *legal*, proof was the *return of the officer upon the execution*; and if it is lost, a new one could be supplied by the order of the court upon notice to other party and motion, and the *return endorsed thereon.* Then if false the party had his remedy. (See 1 Abb. Dig., 119, § 564; See 2 Abb. Dig., 647, § 590; See 3 Abb. Dig., 46, § 421; 1 Abb. Dig., 109, § 450; 1 Abb. Dig., 110, § 458; 2 U. S. Dig., 316, § 39.) These lands were exempt from levy and sale under exemption laws, as a homestead, and defendants had a right to select them as such. Therefore, the levy and sale passed no title, and defendants ought not to be driven to the necessity of bringing suit to remove cloud sought to be cast upon their title by the proposed deed upon confirmation of sale. (2 U. S. Dig., 356, § 937; Laws 1862, p. 300, § 3.)

*Tripp & Bartlett*, for defendants in error.

The land sold was not exempt from execution and sale under the laws of the Territory. (Laws of 1862, p. 299, §§ 1, 2, 3; Ills. Statutes, Vol. 1, 650; 46 Ills., 327; 44 Ibid, 374; 43 Ibid, 232.) The motion was to confirm a sheriff's sale, and the judgment was not in controversy, and it could not be. A judgment cannot be attacked thus indirectly or collaterally. (Ohio Dig., 150, 151, 153, 154.)

KIDDER, J.—The defendant in error, claiming that this action is now here, makes a motion for a re-argument of the same.

The proceedings heretofore in relation to the motion, are these: Before the January term of this court in 1871, the defendant had secured a judgment in the District Court against the plaintiffs in error for several hundred dollars, had prayed out his writ of execution thereon, and had delivered it to the sheriff of Yankton county to collect, who, in pursuance thereof, had levied upon and sold the real property of the plaintiffs, or one of them. Pursuant to the Statute of 1862, page 125, Sec. 449, which authorized such proceedings, the defendant made a motion to the court to confirm the sale of the sheriff, and such proceedings were thereupon had, that the sale was by the court confirmed. The plaintiffs excepted to the decision of the court, and brought the case to this court at the January term in 1871, by petition in error, (which was then in accordance with the statutes of this Territory) for revision. At that term a hearing was had and the court reversed the judgment of the court below confirming the sale, and remanded the *motion* and *case* to the District Court, which decision was transmitted thereto and entered, on motion of the plaintiffs, among the records thereof. And at the September term of the District Court in 1871, a motion was again made to confirm the sale by this defendant, and on a full hearing on the merits, the motion was overruled and the sale set aside.

The defendant excepted to the decision, appealed to this court and entered his action upon the calendar. And at the January term in 1872, he caused the court, upon his motion,

Bentley, et al vs. Fraley.

to have entered upon the calendar "*mis-entered;*" hence the case was effectually dismissed therefrom.

The statute at that time, in relation to the reversal of judgments, was this: "When a judgment or final order shall be reversed, either in whole, or in part, in the Supreme Court, the court reversing the same shall proceed to render such judgment, as the court below should have rendered, or remand the case to the court below, for such judgment; and the court reversing such judgment or final order, shall not issue execution in causes that are removed before them on error, on which they pronounced judgment, as aforesaid, but shall send a special mandate to the court below, as the case may require, to award execution thereupon," etc.; *vide* Statute of 1862, page 141, Sec. 530.

This was not a case wherein the court should send a *specia mandate* to the court below to award execution upon their*l* judgment,—such a proceeding would be proper when their judgment is final, and nothing more need be done, except to execute the judgment, or enforce it, or award execution thereupon. The effect of the decision in this case was merely to open it for a new trial.

The general appearance entered by the defendant in the court below, and submitting to its jurisdiction by having a trial on the motion, on its merits, to confirm the sale, without any objection, is a waiver of any error which might have been committed in the transmission of the decision to the District Court. We are, however, of opinion that there was no error committed in the transmission of the decision, that therein there was a substantial compliance with the statute, and that the defendant, without having any of his rights abridged, has had his full "day in court;" and, therefore, the motion is

OVERRULED.